FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 11 AM 9: 07

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 00-335 |
| v. | * | SECTION: "L" |
| GREGORY SANDERS | * | |
| | * * * | |

### RULE TO REVOKE SUPERVISED RELEASE

NOW INTO COURT comes the United States of America, through undersigned Assistant United States Attorney, and respectfully represents:

Defendant, **GREGORY SANDERS**, pled guilty in this matter on December 20, 2000, for violations of Title 18, United States Code, Section 922(g)(1) and 924(a)(2). **SANDERS** received a forty-five (45) month sentence along with three (3) years supervised release. (A copy of the Judgment and Probation/Commitment Order is attached as Exhibit 1.)

The terms and conditions of **SANDERS'** supervised release is set forth in the Judgment as well as in the Petition for Warrant or Summons for Offender Under Supervision filed on April 11,2005. (Attached as Exhibit 2.)

**SANDERS** violated the terms and conditions of his supervised release in the manner set forth in Exhibits 1 and 2.

Fee_____
Process_____
Dktd_____
CrtmDep_____
Doc. No_____

**WHEREFORE,** the government prays that **SANDERS** be brought before this Court and a copy of this Rule be served upon him, and that he be ordered to show cause before this Court why supervised release should not be revoked for his failure to abide by the terms of said supervised release.

Respectfully submitted,

JIM LETTEN
UNITED STATES ATTORNEY

DUANE A. EVANS
Assistant United States Attorney
La. Bar Roll No. 24086
Hale Boggs Federal Building
500 Poydras Street, Second Floor
New Orleans, Louisiana 70130
Tel: (504) 680-3069

CERTIFICATE OF SERVICE
I certify that a copy of the
foregoing has been served upon
counsel for all parties
by mailing the same to each,
property addressed and postage
prepaid this _____ day of
_____, 2005.

Assistant United States Attorney

- 2 -

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  4-26-01

CRIMINAL ACTION LORETTA G. WHYTE
CLERK

UNITED STATES OF AMERICA

VS. <u>GREGORY SANDERS</u>        <u>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</u>        <u>00-335 - L</u>
<u>3303 S. Robertson St.</u>      (SOC. SEC. NO.)      (CASE NO./SEC.)
<u>New Orleans, LA  70115</u>

<u>JUDGMENT AND PROBATION/COMMITMENT ORDER</u>

In the presence of the attorney for the government,      Month      Day      Year
the defendant appeared in person on this date ---------( APRIL 25, 2001      )

                    However the court advised defendant of right to counsel and asked
__**WITHOUT COUNSEL**   whether defendant desired to have counsel appointed by the court
                    and the defendant thereupon waived assistance of counsel.
x **WITH COUNSEL**  <u>Ronald Small, 501 Magazine St., New Orleans, LA 70130</u>

Court Reporter's Name: Vic DiGiorgio      AUSA:  Duane A. Evans
U.S. Probation Officer:  Cindy A. Arnold
**PLEA:**  <u>X</u>**GUILTY,** and the court being satisfied      __**NOLO CONTENDERE**   _**NOT GUILTY**
      that there is a factual basis for the plea.
                         ( __**NOT GUILTY.**  Defendant is discharged.
There being a finding of      (**X GUILTY 12-20-00 ct 4 Super. Bill**
Defendant has been convicted as charged of the offense(s) of 18 USC 922(g) & 924(a)(2)
FELON IN POSSESSION OF A FIREARM as charged in the Superseding Bill of
Information

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.  The court adjudged
the defendant guilty as charged and convicted and ordered that:  The defendant is hereby
committed to the custody of the Bureau of Prisons to be imprisoned for a term of 45 months as
to count 4.  Upon release from imprisonment, the defendant shall be placed on supervised
release for a term of three years as to count 4.  Within 72 hours of release from the custody
of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the
district to which the defendant is released.  While on supervised release, the defendant shall
comply with the mandatory and standard conditions that have been adopted by this Court, and
shall not possess a firearm.  In addition, the following special conditions are imposed:  1)
The defendant shall participate in a program of testing and/or treatment for drug abuse, as
directed by the probation officer, until such time as the defendant is released from the
program by the probation officer.   The defendant shall contribute to the cost of such
treatment to the extent that the defendant is deemed capable by the probation officer.   2)
The defendant shall participate in a program of orientation and life skills as directed by the
Probation Officer.  The Court waives the fine in this case. On oral motion of the government,
IT IS ORDERED that the original Indictment be dismissed as to this defendant.

**IT IS FURTHER ORDERED** that the defendant shall pay to the United States a special assessment
of <u>$100.00</u> as to Count(s) <u>4</u>, for a total assessment of <u>$100.00</u>
**IT IS FURTHER ORDERED** that the defendant notify the United States Attorney for this District
within 30 days of any change of residence or mailing address until all fines, restitution,
costs and special assessments imposed by this Judgment are fully paid.  In addition to the
special conditions of probation imposed above, **IT IS HEREBY ORDERED** that the general
conditions of probation/supervised release set out on the reverse side be imposed.

**IT IS FURTHER ORDERED:**
[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term
      of supervised release.
[ ] The court has determined that the defendant does not have the ability to pay interest.
      The interest requirement is (waived) (modified as follows):

**SIGNED BY:**                                    CERTIFIED AS A TRUE COPY
X U.S. DISTRICT JUDGE                            ON THIS DATE _____
                                                 BY: _____
            ELDON E. FALLON                          Deputy Clerk
            (Date) <u>APRIL 25, 2001</u>

GOVERNMENT
EXHIBIT
|

Prob12C (7/93)

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Louisiana

*FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 APR 11 AT 8:01
LORETTA G. WHYTE
CLERK*

## PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

**Name of Offender :** GREGORY SANDERS        Case Number : CR3L 2:00CR00335-002L

**Name of Sentencing Judicial Officer :** Honorable Eldon E. Fallon

**Offense :** 18 U.S.C. 922(g) and 924(a)(2) - Felon in possession of a firearm

**Date of Sentence :** April 25, 2001

**Sentence :** 45 months custody of the Bureau of Prisons, with a three year term of supervised release to follow. A $100.00 special assessment fee was also ordered.

**Special Conditions :**

1. Orientation and life skills
2. Drug treatment
3. Mental health treatment (condition added March 22, 2005)
4. Home confinement with electronic monitoring for four months (condition added March 22, 2005)

**Type of Supervision :**    Supervised Release        **Date Supervision Commenced :** May 03, 2004

**Assistant U.S. Attorney :**    Duane Evans        **Defense Attorney :** Ronald Small

---

## PETITIONING THE COURT

[ X ] To issue a warrant                                    [ ] To issue a summons

For the arrest of Gregory Sanders for alleged violations of Supervised Release , and that he be brought before this court to answer a Rule to Show Cause Why Supervised Release Should Not Be Revoked.

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non –Compliance |
|---|---|
| Mandatory Condition: | On April 6, 2005, Greg Sanders submitted a urine specimen to personnel of the Probation Office which tested positive for cocaine and morphine. Sanders admits to using cocaine and heroin on or about April 4, 2005, resulting in the above positive drug test. |
| | On March 16, 2005, January 26, January 20, January 19, 2005, and December 30, 2004, Gregory Sanders submitted urine specimens which tested positive for morphine. Sanders admits to using heroin on or about these dates. |
| Special Condition No. 2: | On April 4, 2005, and December 23, 2004, Gregory Sanders failed to submit a drug test and attend a substance abuse meeting at the Methodist Counseling Center. |
| | On March 22, 2005, Gregory Sanders was placed in the Charity |

GOVERNMENT
EXHIBIT
2

Fee
Process
Dktd
CtRmDep
Doc. No

Hospital Detox Unit in order to facilitate inpatient drug treatment placement. Sanders left the detox program on March 24, 2005, against medical advice. Sanders was subsequently placed into intensive outpatient drug treatment pending placement into the Fairview Inpatient Program. On March 6, 2005, Sanders advised this officer that he would no longer attend drug treatment.

| | |
|---|---|
| Mandatory Condition: | On January 29, 2005, Gregory Sanders were arrested by the St. John the Baptiste Parish Sheriff's Office and charged with domestic violence. On January 30, 2005, while in jail in St. John the Baptist Parish, Sanders was charged with second degree battery on an inmate, disturbing the peace, and two counts of resisting arrest. On March 9, 2005, Sanders appeared in the 40th Judicial Court, St. John the Baptist Parish, and pled guilty to battery upon inmate Michael Duhe (Count 1), and battery upon St. John Deputy Graylin Burl (Count 2). Sanders was sentenced to 15 days Parish Jail as to Count 1, and 30 days Parish Jail as to Count 2, which each count to run concurrently (40th Judicial District Case No. 2005-39003 "C"), As to the January 29, 2005, domestic battery charge, Sanders is scheduled to appear on an arraignment on April 18, 2005. |
| | On June 22, 2004, Gregory Sanders received a summons for domestic abuse/battery and simple assault from the St. Tammany Parish Sheriff's Office. On December 15, 2004, Sanders was found not guilty in St. Tammany Parish 22nd Judicial District Court (Case No. 382957). |
| Standard Condition No. 2: | Gregory Sanders falsified his June 2004 monthly supervision report, as he failed to indicate he received a summons from the St. Tammany Parish Sheriff's Office for domestic abuse/battery and simple assault on June 22, 2004. |
| Standard Condition No. 11: | Gregory Sanders failed to notify the probation officer within 72 hours of receiving a summons on June 22, 2004, by the St. Tammany Sheriff's Office for domestic abuse/battery and simple assault. |

**CUSTODIAL STATUS :** None.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 06, 2005

Brian P. Bond
Senior U.S. Probation Officer

REVIEWED BY:

Stephanie H. Williams
Supervising U. S. Probation Officer

## THE COURT ORDERS

[ ]    No Action
[X]    The Issuance of a Warrant
[ ]    The Issuance of a Summons
[ ]    Other

_____
Signature of Judicial Officer

_____
Date

Address of Offender:    2235 Pleasure Street
                        New Orleans, LA 70117

THE CLERK IS DIRECTED TO DISTRIBUTE COPIES TO THE FOLLOWING <u>ONLY</u>:

    Original    -  Clerk's Office
     1 Copy Certified    -  U.S. Attorney
     1 Copy Certified    -  U.S. Marshal's Office
     2 Copies Certified  -  U.S. Probation Office

**NOTICE TO THE AUSA:** DO NOT PREPARE THE RULE UNTIL AFTER THE OFFENDER APPEARS FOR THE INITIAL APPEARANCE HEARING



**CLERK'S OFFICE**
A TRUE COPY

APR 11 2005

Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA